### FULLER BUGGY CO. v. WALDRON.

(Supreme Court, Special Term, Albany County. July 8, 1905.)

**PLEADING—SERVICE OF UNVERIFIED ANSWER—RETURN—DILIGENCE.**

> An answer was served at the office of plaintiff's attorney during his absence. On the return of the attorney, the day following, he discovered that it was unverified. The next day was Sunday, and on Monday he returned the answer. *Held*, that he exercised due diligence, and could not be compelled to accept service thereof.

> [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 1023.]

Action by the Fuller Buggy Company against Adelbert Waldron. On motion to compel the acceptance of service by plaintiff's attorney of defendant's unverified answer. Denied.

Jas. A. Leary, for the motion.

N. B. Spalding and L. C. Warner, opposed.

HASBROUCK, J. The complaint in this action was, as I believe, properly verified. The defendant served an unverified answer, the plaintiff returned it as a nullity, and this motion is to compel the acceptance of service by the plaintiff's attorney of the defendant's unverified answer. By the affidavit, of the attorney for the plaintiff, Mr. Spalding, it appears that the answer which he is moved to accept the service of was served at 10:30 a. m. on June 30, last; that Mr. Spalding was away from his office on the following day, July 1st, and that he did not return the answer as a nullity until July 4th. July 2d was on Sunday. The notice given the defendant by the plaintiff that it would treat the answer as a nullity is dated July 3d. Plaintiff's attorney lived in Albany, and the defendant's attorney lives at Saratoga. The papers show that the answer was received back by the defendant's attorney on July 4th by mail. They do not show whether the paper was mailed on July 3d or 4th. Assuming that the answer was returned by mail on July 3d, and that the discovery of its want of verification by the plaintiff's attorney, owing to his absence from his office, was not made until July 1st, and that Sunday intervened, it does not appear that the plaintiff's attorney did not exercise due diligence in his treatment of the answer, and returned it to the defendant's attorney.

The motion to compel the plaintiff to accept service of the unverified answer is denied, without costs, and the defendant's time in which to serve a verified answer is extended for five days from this date, July 14th.